B1040 (FORM 1040) (12/24)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|

| PLAINTIFFS Joyce Bradley Babin, Chapter 13 Standing Trustee | DEFENDANTS U.S. Department of Housing and Urban Development |
|---|---|

| ATTORNEYS (Firm Name, Address, and Telephone No.) Joe F. Kolb, Staff Attorney P.O. Box 8064 Little Rock, AR 72203-8064 | ATTORNEYS (If Known) |
|---|---|

| PARTY (Check One Box Only) □ Debtor □ U.S. Trustee/Bankruptcy Admin □ Creditor □ Other ☒ Trustee | PARTY (Check One Box Only) □ Debtor □ U.S. Trustee/Bankruptcy Admin ☒ Creditor □ Other □ Trustee |
|---|---|

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Complaint to Determine Extent and Validity of Lien, to Avoid Lien and Objection to Claim of U.S. Department of Housing and Urban Development pursuant to 11 U.S.C. §§502, 506, 544, 547, 550 and 551 and Arkansas Code Ann. §§27-14-801, et. seq.

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(a) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☒ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(b) – Validity, Priority or Extent of Lien**
☒ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(c) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(d) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(e) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(f) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(f) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(g) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(h) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(i) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(j) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| □ Check if this case involves a substantive issue of state law | □ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| □ Check if a jury trial is demanded in complaint | Demand  $ 5,265.10 |

Other Relief Sought
Objection to Claim

B1040 (FORM 1040) (12/24)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>Orville Edward Stadler III & Rita Marie Stadler | BANKRUPTCY CASE NO.<br>5:25-bk-70236R | |
| DISTRICT IN WHICH CASE IS PENDING<br>Western District of Arkansas | DIVISION OFFICE<br>Fayetteville | NAME OF JUDGE<br>Bianca M. Rucker |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY<br>PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br><br>/s/ Joe F. Kolb | | |
| DATE<br><br>8/11/25 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Joe F. Kolb | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

**IN THE UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF ARKANSAS**
**FAYETTEVILLE DIVISION**

IN RE:        ORVILLE EDWARD STADLER III and
              RITA MARIE STADLER            CASE NO: 5:25-bk-70236 R
                                                              CHAPTER 13

JOYCE BRADLEY BABIN,                                          PLAINTIFF
CHAPTER 13 STANDING TRUSTEE


V.                          AP NO. _____


U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT          DEFENDANT


**COMPLAINT TO DETERMINE THE EXTENT AND**
**VALIDITY OF LIEN, TO AVOID LIEN, AND**
**OBJECTION TO CLAIM OF U.S. DEPARTMENT OF HOUSING AND URBAN**
**DEVELOPMENT**

Joyce Bradley Babin, Chapter 13 Standing Trustee, for her Complaint to Determine the

Extent and Validity of Lien, to Avoid Lien, and Objection to Claim of U.S. Department of Housing

and Urban Development filed in the case of the debtor(s), Orville Edward Stadler III and Rita

Marie Stadler, states:

1.      The Court has jurisdiction over this action, the subject matter, and the parties

pursuant to 28 U.S.C. §§ 157 and 1334, 11 U.S.C. §§ 105, 502, 506, 544, 547, 550, and 551 and

Arkansas Code Ann. §§ 14-27-801, *et seq.* This Complaint is filed pursuant to Federal Rules of

Bankruptcy Procedure 3001, 3002, 3007 and 7001(1). This matter is a core proceeding, and the

Court may enter a final order. The Trustee consents to entry of final orders or judgment by the

Bankruptcy Court.

2.      Venue is proper pursuant to 28 U.S.C. § 1409 in that this is a proceeding arising in or related to a case under Title 11 pending in the Western District of Arkansas.

3.      The Plaintiff, Joyce Bradley Babin ("Trustee") serves and brings this action as Trustee in the debtor's case.

4.      The Defendant, Department of Housing and Urban Development ("HUD"), is a Federal agency responsible for national policy and programs that address America's housing needs and administers programs that provide housing and community development assistance, including underwriting home ownership for lower and moderate-income families through its mortgage insurance programs. Service of Process may be made upon HUD by mailing the Summons and Complaint by certified mail to: Scott Turner, Secretary of the U.S. Department of Housing and Urban Development, c/o The Associate General Counsel for Litigation, Office of Litigation, U.S. Department of Housing and Urban Development, 451 Seventh Street, S.W., Washington, DC 20410; Pamela Bondi, Attorney General of the United States, U.S. Department of Justice, 950 Pennsylvania Avenue, NW, Washington, DC 20530-0001; David Clay Fowlkes, United States Attorney for the Western District of Arkansas, c/o Civil Process Clerk, 414 Parker Avenue, Fort Smith, AR 72901; and U.S. Department of HUD, Attn: Office of Regional Counsel, 307 W. 7th Street, Suite 1000, Fort Worth, TX 76102-2905; with a courtesy copy of the Summons and Complaint emailed to OGCRegionVIBankruptcy@hud.gov. The person and address HUD has most recently designated to receive notices on its original or latest amended proof of claim is U.S. Department of Housing and Urban Development, 307 W 7th St, Ste 1000, Fort Worth, TX 76102.

5.      On February 12, 2025 ("Petition Date"), the debtor(s), Orville Edward Stadler III and Rita Marie Stadler (hereinafter "Debtor" whether one or more), filed a petition and plan pursuant to Chapter 13 of the United States Bankruptcy Code.

2

6.      In the Debtor's bankruptcy schedules, the Debtor listed an interest in the following real property:

458 Pearl Ave, Rogers, AR 72756, more particularly described as:

All that certain parcel of land situated in the County of Benton, State of Arkansas: Part of the SE1/4 of the NE1/4 of section 16, Township 20 N, Range 29 West in the City of Avoca, Benton County, Arkansas, being more particularly described as follows, to-wit: Beginning at a point located North 89 degrees 46 minutes East 30 feet and South 331 feet from the NW corner of the SE1/4 of the NE1/4 of said Section 16; thence North 89 degrees 46 minutes East 156 feet; thence North 63 degrees 54 minutes 54 seconds East 59.49 feet; thence South 02 degrees 34 minutes 44 seconds West 222.48 feet; thence South 89 degrees 41 minutes 54 seconds West 199.42 feet; thence North 196.50 feet along the East Right-of-Way line of Pearl Avenue to the Point of Beginning, containing 0.91 parts of an acre, more or less, subject to the Right-of-Way of an existing Gas line along the West side thereof, subject to an access and utility line easement across the North side thereof.

(herein after the "Property"). The Debtor valued the Property at $250,000. The Debtor asserts the Property secures a debt to HUD in the amount of $5,265.10.

7.      On May 2, 2025, HUD filed a secured claim ("Claim") in the Debtor's bankruptcy case in the amount of $5,265.10 which it asserts is secured by the Property. HUD attached to its Claim copies of a Promissory Note dated February 6, 2025, and a copy of a Subordinate Mortgage dated February 6, 2025. A copy of the Claim is attached as Exhibit "A" and is incorporated herein.

8.      The Subordinate Mortgage was recorded in the office of the Circuit Clerk and Recorder of Benton County, Arkansas on March 27, 2025, after the Petition Date.

## COUNT I - AVOIDANCE OF LIEN

9.      The allegations of the preceding paragraphs are incorporated herein.

10.     The Trustee is entitled to avoid the Debtor's transfer of the mortgage lien on the Property to HUD because:

        a.      HUD's mortgage lien was not perfected on or before the petition date or within thirty (30) days of the date the Debtor received possession of the Property. Accordingly, the Trustee, as a

3

hypothetical judicial lienholder, may avoid the transfer of the lien pursuant to 11 U.S.C. § 544(a)(1).

b.   HUD's lien was not perfected on or before the petition date or within thirty (30) days of the date the Debtor received possession of the Property. Accordingly, the Trustee, as a hypothetical execution lienholder, may avoid the transfer of the lien pursuant to 11 U.S.C. § 544(a)(2).

c.   HUD's lien was not perfected on or before the petition date or within thirty (30) days of the date the Debtor received possession of the Property. Accordingly, the Trustee, as a hypothetical bona fide purchaser of real property, other than fixtures, may avoid the transfer of the lien pursuant to 11 U.S.C. § 544(a)(3).

d.   Under 11 U.S.C. 547 (e)(2), the Debtor's transfer of the lien to HUD is deemed to have occurred immediately before the date of the filing of the petition, thus within the 90-day period preceding the petition date. Accordingly, the Trustee may avoid the transfer of the lien pursuant to 11 U.S.C. § 547(b) in that the transfer:

(1)   was to or for the benefit of a creditor, HUD;

(2)   was for or on account of an antecedent debt owed by the Debtor before the transfer was made;

(3)   was made while the Debtor was insolvent as presumed under 11 U.S.C. § 547(f);

(4)   was made within 90 days of filing; and

(5)   enables HUD to receive more than HUD would receive under a Chapter 7 case if the transfer had not been made and HUD received payment as provided by the Bankruptcy Code.

11.   Pursuant to 11 U.S.C. §§ 550 and 551, upon avoidance of the lien, the lien is preserved for the benefit of the estate and/or the Trustee may recover from HUD the lien, or its value.

12.   The value of the lien is equal to the value of the Property, not to exceed the amount of the debt owed HUD on the date of the bankruptcy petition, or $5,265.10.

4

## COUNT II - OBJECTION TO CLAIM

13.     The allegations of the preceding paragraphs are incorporated herein.

14.     Section 502(b)(1) of the Bankruptcy Code provides:

(b)     Except as provided in subsections (e)(2), (f), (g), (h) and (I) of this section, if such objection to a claim is made, the court, after notice and a hearing, shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent that —

> (1)     such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured . . .

11 U.S.C. § 502(b)(1).

15.     Under applicable law, after avoidance of HUD's lien, HUD's Claim is unenforceable as a secured claim against the Debtor and property of the Debtor. The Trustee objects to the Claim to the extent it is asserted as a secured claim.

WHEREFORE, the Trustee prays that the Court determine that (1) the Debtor's transfer of the lien to HUD is avoided; (2) under 11 U.S.C. §551, the lien is preserved for the benefit of the estate, and/or, under 11 U.S.C. § 550, the Trustee may recover from HUD for the benefit of the estate, the lien transferred, or its value; (3) the Trustee's objection to HUD's Claim as a secured claim is sustained and the Claim is disallowed as a secured claim; and (4) the Trustee is granted all other just, proper, and equitable relief.

Respectfully submitted,

**JOYCE BRADLEY BABIN**
**CHAPTER 13 STANDING TRUSTEE**
P. O. Box 8064
Little Rock, AR 72203-8064
(501) 537-2500

By: /s/ Joe F. Kolb
        Joe F. Kolb

5

<table>
<tr><td colspan="2">

**Fill in this information to identify the case:**

Debtor 1   Orville Stadler

Debtor 2   Rita Stadler
(Spouse, if filing)

United States Bankruptcy Court   **Western District of Arkansas**

Case number:   **25–70236**

</td><td>

**FILED**

**U.S. Bankruptcy Court**
**Western District of Arkansas**

5/2/2025

**Linda McCormack, Clerk**

</td></tr>
</table>

## Official Form 410
## Proof of Claim

04/25

**Read the instructions before filling out this form.** This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed.** That date is on the notice of bankruptcy (Form 309) that you received.

### Part 1:   Identify the Claim

| | |
|---|---|
| **1. Who is the current creditor?** | U.S. Department of Housing and Urban Development <br><br> Name of the current creditor (the person or entity to be paid for this claim) <br><br> Other names the creditor used with the debtor |
| **2. Has this claim been acquired from someone else?** | ☑ No <br> ☐ Yes. From whom? |

| | | |
|---|---|---|
| **3. Where should notices and payments to the creditor be sent?** <br><br> Federal Rule of Bankruptcy Procedure (FRBP) 2002(g) | **Where should notices to the creditor be sent?** <br><br> U.S. Department of Housing and Urban Development <br><br> Name <br><br> 307 W. 7th S t., Suite 1000 <br> Fort Worth, TX 76102 <br><br><br> Contact phone _____ <br><br> Contact email <br> _Antonio.J.Hansberry@hud.gov_ <br><br> Uniform claim identifier (if you use one): <br> _____ | **Where should payments to the creditor be sent?** (if different) <br><br> U.S. Department of Housing and Urban Development <br><br> Name <br><br> 2000 N Classen Blvd Suite 3200 <br><br> Oklahoma City, OK 73106 <br><br> Contact phone <br> 1–800–225–5342 <br><br> Contact email _____ |

| | |
|---|---|
| **4. Does this claim amend one already filed?** | ☑ No <br> ☐ Yes. Claim number on court claims registry (if known) _____     Filed on _____ <br><br> MM / DD / YYYY |
| **5. Do you know if anyone else has filed a proof of claim for this claim?** | ☑ No <br> ☐ Yes. Who made the earlier filing? _____ |

Official Form 410       Proof of Claim       page 1

Exhibit A

| **Part 2:** | **Give Information About the Claim as of the Date the Case Was Filed** |
|---|---|

**6. Do you have any number you use to identify the debtor?**

☐ No

☑ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor:     1701

**7. How much is the claim?**

$    5265.10

**Does this amount include interest or other charges?**

☑ No

☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card. Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as healthcare information.

    Money Loaned

**9. Is all or part of the claim secured?**

☐ No

☑ Yes. The claim is secured by a lien on property.

**Nature of property:**

☑ Real estate.   If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410–A) with this *Proof of Claim.*

☐ Motor vehicle

☐ Other. Describe:    _____

**Basis for perfection:**     Money Loaned

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:**     $ _____

**Amount of the claim that is secured:**     $   5265.10

**Amount of the claim that is unsecured:**     $   0.00     (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:**     $ _____

**Annual Interest Rate** (when case was filed)     0.00   %

☑ Fixed

☐ Variable

**10. Is this claim based on a lease?**

☑ No

☐ Yes. **Amount necessary to cure any default as of the date of the petition.** $ _____

**11. Is this claim subject to a right of setoff?**

☑ No

☐ Yes. Identify the property: _____

| 12. | Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)? | ☑ No ☐ Yes. *Check all that apply:* | Amount entitled to priority |
|---|---|---|---|

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

$ _____

☐ Up to $3,800* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).

$ _____

☐ Wages, salaries, or commissions (up to $17,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).

$ _____

☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).

$ _____

☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).

$ _____

☐ Other. Specify subsection of 11 U.S.C. § 507(a)(_) that applies

$ _____

* Amounts are subject to adjustment on 4/01/28 and every 3 years after that for cases begun on or after the date of adjustment.

## Part 3:  Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(3) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157 and 3571.**

Check the appropriate box:

☐ I am the creditor.

☑ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this Proof of Claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this Proof of Claim and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date        5/2/2025
                        _____
                        MM / DD / YYYY

/s/  Jasmine Ramirez
_____
Signature

Print the name of the person who is completing and signing this claim:

Name            Jasmine Ramirez
                _____
                First name    Middle name    Last name

Title           Admin Services Specialist
                _____

Company         ISN Corporation
                _____
                Identify the corporate servicer as the company if the authorized agent is a servicer

Address         2000 N Classen Blvd Suite 3200
                _____
                Number   Street
                Oklahoma City, OK 73106
                _____
                City   State   ZIP Code

Contact phone   1–800–225–5342        Email   answers@hud.gov

Official Form 410                        Proof of Claim                        page 3

# Mortgage Proof of Claim Attachment

(12/23)

If you file a claim secured by a security interest in the debtor's principal residence, you must use this form as an attachment to your proof of claim. See separate instructions.

| Part 1: Mortgage and Case Information | Part 2: Total Debt Calculation | Part 3: Arrearage as of Date of the Petition | Part 4: Monthly Mortgage Payment |
|---|---|---|---|
| Case number: 25-70236 | Principal balance: 5,265.10 | Principal due: | Principal & interest: |
| Debtor 1: Orville Stadler | Interest due: | Interest due: | Monthly escrow: |
| Debtor 2: Rita Stadler | Fees, costs due: | Prepetition fees due: | Private mortgage insurance: |
| Last 4 digits to identify: 1701 ___ ___ ___ | Escrow deficiency for funds advanced: | Escrow deficiency for funds advanced: | Total monthly payment: |
| Creditor: U.S Department of HUD | Less total funds on hand: − | Projected escrow shortage: | |
| Servicer: ISN Corporation | Total debt: 5,265.10 | Less funds on hand: − | |
| Fixed accrual/daily simple interest/other: 0.00% Fixed | | Total prepetition arrearage: | |

## Part 5 : Loan Payment History from First Date of Default

| | | Account Activity | | | | | How Funds Were Applied/Amount Incurred | | | | | Balance After Amount Received or Incurred | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| A. Date | B. Contractual payment amount | C. Funds received | D. Amount incurred | E. Description | F. Contractual due date | G. Prin, int & esc past due balance | H. Amount to principal | I. Amount to interest | J. Amount to escrow | K. Amount to fees or charges | L. Unapplied funds | M. Principal balance | N. Accrued interest balance | O. Escrow balance | P. Fees / Charges balance | Q. Unapplied funds balance |
| | | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | | |

Recieved by ISN 04102025 Box#TRF029452712 Trk#1z7r0e9103923583556
L202516023.001

L202516023
BENTON CO. AR FEE $40.00
PRESENTED & E-RECORDED
03/27/2025 08:18:09 AM
BRENDA DESHIELDS
Circuit Clerk & Recorder

**Recording Requested By:**
Freedom Mortgage Corporation
951 Yamato Road
Boca Raton, FL 33431

**After Recording Return To:**
Freedom Mortgage Corporation C/O:
Mortgage Connect, LP
Attn: Loan Mod Processing Team
600 Clubhouse Drive
Moon Township, PA 15108

This document was prepared by: Freedom Mortgage Corporation, 11988 Exit 5 Pkwy Bldg 4, Fishers, IN 46037-7939, 855-690-5900

**Tax Exempt - Governmental Agency**

_____Space Above This Line For Recording Data_____

## SUBORDINATE MORTGAGE

THIS SUBORDINATE MORTGAGE ("Security Instrument") is given on January 17, 2025.

The Mortgagor is **RITA MARIE STADLER AND ORVILLE EDWARD STADLER III, WIFE AND HUSBAND**

Whose address is 458 PEARL AVE ROGERS, AR 72756 ("Borrower").

This Security Instrument is given to the Secretary of Housing and Urban Development, its successors and assigns whose address is 451 Seventh Street, SW, Washington, DC 20410 ("Lender"). Borrower owes Lender the principal sum of five thousand two hundred sixty-five and 10/100 Dollars (U.S. 5,265.10). This debt is evidenced by Borrower's note dated the same date as this Security Instrument ("Note"), which provides for the full debt, if not paid earlier, due and payable on April 1, 2051.

This SECURITY INSTRUMENT secures to Lender: (a) the repayment of the debt evidenced by the Note, and all renewals, extensions and modifications of the Note; (b) the payment of all other sums, advanced under Paragraph 2 to protect the security of this Security Instrument; and (c) the performance of Borrower's covenants and agreements under this Security Instrument and the

PACKAGE_FMC
Page 1 of 6

Partial Claim





Recieved by ISN 04102025 Box#TRF029452712 Trk#1z7r0e91039283556

Note. For this purpose, Borrower does hereby mortgage, warrant, grant and convey to the Lender, with the power of sale the following described property located in Benton County, State of ARKANSAS which has the address of 458 PEARL AVE ROGERS, AR 72756, ("Property Address") more particularly described as follows: *See Exhibit A for Legal Description*

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property."

BORROWER COVENANTS that Borrower is lawfully seized of the estate hereby conveyed and has the right to mortgage, grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances or record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

Borrower and Lender covenant agree as follows:

UNIFORM COVENANTS.

1.    **PAYMENT OF PRINCIPAL.** Borrower shall pay when due the principal of the debt evidenced by the Note.

2.    **BORROWER NOT RELEASED; FORBEARANCE BY LENDER NOT A WAIVER.** Extension of the time of payment of the sums secured by this Security Instrument granted by Lender to any successor in interest of Borrower shall not operate to release the liability of the original Borrower or Borrower's successor in interest. Lender shall not be required to commence proceedings against any successor in interest or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy shall not be a waiver of or preclude the exercise of any right or remedy.

3.    **SUCCESSORS AND ASSIGNS BOUND; JOINT AND SEVERAL LIABILITY; CO-SIGNERS.** The covenants and agreements of this Security Instrument shall bind and benefit the successors and assigns of Lender and Borrower. Borrower's covenants and agreements shall be joint and several. Any Borrower who co-signs this Security Instrument but does not execute the Note: (a) is co-signing this Security Instrument only to mortgage, grant and convey that Borrower's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower may agree to extend, modify, forbear or make any accommodations with regard to the term of this Security Instrument or the Note without that Borrower's consent.

4.    **NOTICES.** Any notice to Borrower provided for in this Security Instrument shall be given by delivering it or by mailing it by first class mail unless applicable law requires use of another method. The notice shall be directed to the Property Address or any other address Borrower designates by notice to Lender. Any notice to Lender shall be given by first class mail to: Department of Housing and Urban Development, Attention: Single Family Notes Branch, 451

**Partial Claim**

PACKAGE FMC
Page 2 of 6



 [TRACKING ID:771834748228] 020780-O6011733-0 [PAG.0] [DOC 8 27/32 id.1373436] [F_1_0)

Recieved by ISN 04102025 Box#TRF02945Z712 Trk#1z7r0e910392383556

Seventh Street, SW, Washington, DC 20410 or any address Lender designates by notice to Borrower. Any notice provided for in this Security Instrument shall be deemed to have been given to Borrower or Lender when given as provided in this paragraph.

5.  **GOVERNING LAW; SEVERABILITY.** This Security Instrument shall be governed by Federal law and the law of the jurisdiction in which the Property is located. In the event that any provision or clause of this Security Instrument or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision. To this end the provisions of this Security Instrument and the Note are declared to be severable.

6.  **Borrower's Copy.** Borrower shall be given one conformed copy of the Note and of this Security Instrument.

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

7.  **ACCELERATION; REMEDIES.** Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument unless applicable law provides otherwise. The notice shall specify:(a) the default; (b) the action required to cure the default; (c) a date by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice further shall inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke any other remedies permitted by applicable law. Lender to the extent permitted by applicable law shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 7, including without limitation reasonable attorneys' fees, and costs of title evidence.

It is understood and agreed to by Borrower that this Security Instrument is subject to the foreclosure procedures of the Arkansas Statutory Foreclosure Law, Act 53 of 1987, as amended from time to time ("Act"), for Borrower's breach of any covenant or agreement in this Security Instrument. Any forbearance by Lender in exercising any right or remedy under the Act shall not be a waiver of or preclude acceleration and the exercise of any right or remedy under the Act, or at the option of Lender, use of judicial foreclosure proceedings.

8.  **RELEASE.** Upon payment in full of all sums secured by this Security Instrument, Lender shall release this Security Instrument. Borrower shall pay any recordation costs. Lender may charge Borrower a fee for releasing this Security Instrument but only if the fee is paid to a third party for services rendered and the charging of the fee is permitted by applicable law.

9.  **WAIVERS.** Borrower waives all rights of homestead exemption in and statutory redemption of the Property and all right of appraisement of the Property. Borrower also relinquishes all rights of curtesy and dower in the Property.

If the Lender's interest in this Security Instrument is held by the Secretary and the Secretary requires immediate payment in full under Paragraph 4 of the Subordinate Note, the Secretary may invoke the nonjudicial power of sale provided in the Single Family Mortgage Foreclosure Act of 1994 ("Act") (12 U.S.C. § 3751 et seq.) by requesting a foreclosure commissioner designated

PACKAGE_FMC
Page 3 of 6

Partial Claim





Recieved by ISN 04102025 Box#TRF029452712 Trk#1z7r0e910392383556

under the Act to commence foreclosure and to sell the Property as provided in the Act. Nothing in the preceding sentence shall deprive the Secretary of any rights otherwise available to a Lender under this paragraph or applicable law.

PACKAGE_FMC _
Page 4 of 6

**Partial Claim**



[TRACKING ID.771834748229] 025780-C0011733-0 [PAG.0] [DOC 9 31/32 Id.1373436] [P_1_0]

Recieved by ISN 04102025 Box#TRF029452712 Trk#1z7r0e9103923283556

By SIGNING BELOW, Borrower accepts and agrees to the terms contained in this Security Instrument and in any rider(s) executed by Borrower and recorded with it.

**Sign here to execute Subordinate Security Instrument** ➤ _Rita Marie Stadler_
Rita Marie Stadler
(Must be signed exactly as printed)
_02 / 06 / 2025_
Signature Date (MM/DD/YYYY)

**Sign here to execute Subordinate Security Instrument** ➤ _Orvitt Edward Stadler_
Orville Edward Stadler III
(Must be signed exactly as printed)
_02 / 06 / 2025_
Signature Date (MM/DD/YYYY)

_____ *[Space below this line for Acknowledgement]* _____

STATE OF _Arkansas_ COUNTY OF _Benton_

On the _6th_ day of _February_ in the year _2025_ before me, the undersigned, Notary Public (or [  ] if an Online Notary Public), in and for said State, personally appeared by physical presence (or [  ] if by online notarization/use of audio/video communication technology) Rita Marie Stadler and Orville Edward Stadler III, personally known to me or proved to me on the basis of satisfactory evidence of identification to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they voluntarily executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument, the person or entity upon behalf of which the person or entity acted, executed the instrument for its stated purpose.

Personally Known _✓_ OR Type of Identification Produced: _____

WITNESS my hand and official seal.

_Maurice Lafears_
(Signature)

Notary Public: _Maurice Lafears_
(Printed Name)

My commission expires: _Nov 16, 2028_ (Notary Public Seal)
(Please ensure seal does not overlap any language or print)

```
MAURICE LAFEARS
Notary Public – Arkansas
Benton County
Commission # 12705989
My Commission Expires Nov 16, 2028
```

PACKAGE_FMC
Page 5 of 6

Partial Claim





Recieved by ISN 04102025 Box#TRF029452712 Trk#1z7r0e910392383556
L20251602 5:005

# EXHIBIT A

All that certain parcel of land situated in the County of Benton, State of Arkansas:

Part of the SE1/4 of the NE1/4 of Section 16, Township 20 North, Range 29 West in the City of Avoca, Benton County, Arkansas, being more particularly described as follows, to-wit: Beginning at a point located North 89 degrees 46 minutes East 30 feet and South 331 feet from the NW corner of the SE1/4 of the NE1/4 of said Section 16; thence North 89 degrees 46 minutes East 156 feet; thence North 63 degrees 54 minutes 54 seconds East 59.49 feet; thence South 02 degrees 34 minutes 44 seconds West 222.48 feet; thence South 89 degrees 41 minutes 54 seconds West 199.42 feet; thence North 196.50 feet along the East Right-of-Way line of Pearl Avenue to the Point of Beginning, containing 0.91 parts of an acre, more or less, subject to the Right-of-Way of an existing Gas line along the West side thereof, subject to an access and utility line easement across the North side thereof.





[TRACKINGID.771834748228] 020780-C0031733-0 [PAG.6] [DOC 8.38/82 id.1873436] [F_1__6]

Recieved by ISN 04102025 Box#TRF02945252712 Trk#1z7r0e910392383556



CERTIFICATE OF RECORD
STATE OF ARKANSAS, COUNTY OF BENTON
I hereby certify that this instrument was
Filed and Recorded in the Official Records
in Doc Num L202516023
03/27/2025      08:18:09 AM
Brenda DeShields
BENTON COUNTY Circuit Clerk & Recorder

Recieved by ISN 04022025 Box# TRF06672492B Trk# 1z7t0e91039832987z

ORIGINAL

# PROMISSORY NOTE

<u>01/17/2025</u>

**RITA MARIE STADLER** AND **ORVILLE EDWARD STADLER III**

<u>458 PEARL AVE ROGERS, AR 72756</u>

1.     PARTIES

"Borrower" means each person signing at the end of this Note, and the person's successors and assigns. "Secretary" or "Lender" means the Secretary of Housing and Urban Development, and its successors and assigns.

2.     BORROWER'S PROMISE TO PAY

In return for a loan received from Lender, Borrower promises to pay the principal sum of <u>five thousand two hundred sixty-five and 10/100 Dollars</u> <u>(U.S. 5,265.10)</u>, to the order of the Lender.

3.     PROMISE TO PAY SECURED

Borrower's promise to pay is secured by a mortgage, deed of trust or similar security instrument that is dated the same date as this Note and called the "Security Instrument." The Security Instrument protects the Lender from losses, which might result if Borrower defaults under this Note.

4.     MANNER OF PAYMENT

(A)     Time

On, <u>April 1, 2051</u> or, if earlier, when the first of the following events occurs:

(i)     Borrower has paid in full all amounts due under the primary Note and related mortgage, deed of trust or similar Security Instruments insured by the Secretary, or

(ii)     The maturity date of the primary Note has been accelerated, or

(iii)     The primary Note and related mortgage, deed of trust or similar Security Instrument are no longer insured by the Secretary

PACKAGE_FMC
Page 1 of 3

**Partial Claim**





(B)     Place

Payment shall be made at FHA, Attention: Security Held Loan Servicing, 2000 N Classen Blvd #3200, Oklahoma City, OK 73106 or any such other place as Lender may designate in writing by notice to Borrower.

5.      BORROWER'S RIGHT TO PREPAY

Borrower has the right to pay the debt evidenced by this Note, in whole or in part, without charge or penalty. If Borrower makes a partial prepayment, there will be no changes in the due date or in the amount of the monthly payment unless Lender agrees in writing to those changes.

6.      WAIVERS

Borrower and any other person who has obligations under this Note waive the rights of presentment and notice of dishonor. "Presentment" means the right to require Lender to demand payment of amounts due. "Notice of dishonor" means the right to require Lender to give notice to other persons that amounts due have not been paid.

7.      OBLIGATIONS OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. Lender may enforce its rights under this Note against each person individually or against all signatories together. Any one person signing this Note may be required to pay all the amounts owed under this Note.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Note.



**Sign here to execute Promissory Note**

RITA MARIE STADLER
(Must be signed exactly as printed)

02 / 06 / 2025
Signature date (MM/DD/YYYY)

Partial Claim

PACKAGE_FMC
Page 2 of 3



[TRACKINGID.771634748228] 020780-O0011733-0 [PAG.0] [DOC 6 21/82 Id.1373436] [F_1__0]

Recieved by ISN 04022025 Box# TRF066724928 Trk# 1z7r0e91039832987z

**Sign here to execute
Promissory Note** ➡

ORVILLE EDWARD STADLER III
(Must be signed exactly as printed)

02 / 06 / 2025
Signature date (MM/DD/YYYY)

Partial Claim

PACKAGE_FMC
Page 3 of 3



[TRACKINGID.771634748228] 020760-O0011733-0 [PAG.0] [DOC 8 23/82 Id.1373436] [F_1__0]

| Transaction Date | Trans Description | Transaction Amount |
|---|---|---|
| 04/11/2025 | Multiple Partial Claim 2nd | 5,265.10 $ |
| 12/12/2023 --> | Payoff Partial Claim | ($40.00) |
| 11/14/2023 | Curtailment Payment | ($4,805.02) |
| 02/15/2022 | Loan Setup - Principal Balance | 4,845.02 $ |